Contracts; interpretation; trade custom and usage; administrative remedies, failure to exhaust. — Plaintiffs brought this suit for themselves and for their subcontractor, Truland Engineering Corporation, to recover the extra costs of performing work which plaintiffs contend amounted to a change for which they should have received an equitable adjustment upward in the contract price. The prime contract related to the construction of a radio telescope with attendant facilities at the United States Naval Eesearch Station, Sugar Grove, West Virginia, and the subcontract in suit related to the construction of two overhead electrical transmission lines. A dispute arose over the proper interpretation of the contract specifications and drawings relating to the guy system for 103 poles required under the contract. According to the plaintiff’s reading of the contract, concrete anchors and galvanized eye bars were required only at those locations where rock was encountered, and standard steel expansion type anchors with a thimble eye anchor rod were usable at all other locations. The contracting officer required plaintiff to install concrete anchors and galvanized eye bars at all locations regardless of the presence of rock. On appeal to the Armed Services Board of Contract Appeals, plaintiffs’ claims were denied in part but plaintiffs were allowed an adjustment for the difference in cost between galvanized eye bars and double thimble eye anchor rods at certain locations, the board holding that the parties had actually agreed to a modification of the contract in that respect and the matter was referred to the contracting officer to determine the amount to which plaintiffs were entitled. Thereafter, plaintiffs filed suit alleging that the decision of the board was not final because it was arbitrary, not supported by substantial evidence and, in any event, involved questions of law. Plaintiffs sued to recover $42,601.60.
On September 26, 1966, Commissioner Gamer filed his report to the court pursuant to an order issued by the court under Eule 57(a). Commissioner Gamer found reasonable and in accordance with usual trade and industrial practices *1304 the plaintiffs’ interpretation, of the specifications and drawings as requiring- the use of concrete anchors only where rock was encountered and as permitting the standard type steel expansion anchors in earth locations. Commissioner Gamer held that plaintiffs should have been compensated by way of a change order with an equitable adjustment for the extra costs incurred in installing concrete anchors in the 80 earth locations where rock was not encountered. He recommended that judgment be entered for plaintiffs after a determination of the amount was made by the Armed Services Board of Contract Appeals. Commissioner Gamer held that plaintiffs’ claim for the cost of furnishing temporary anchors was an integral part of the claim which had been upheld by the hoard and that since plaintiffs had failed to go back to the board when it was dissatisfied with the amount awarded it by the contracting officer on remand to him, this claim should be dismissed on the ground that as to it plaintiffs had failed to exhaust their administrative remedy.
Plaintiffs took no exceptions to the commissioner’s report and filed briefs in support thereof. Defendant took exceptions and filed briefs in opposition to the commissioner’s report. On May 8, plaintiffs submitted to the Attorney General a written offer of compromise in the amount of $30,000.00 in full settlement of all claims. The offer was accepted and on June 15,1967, the parties filed a stipulation of settlement reciting the offer and acceptance and plaintiffs’ waiver of any and all other claims involved in the case. On the basis of the stipulation and agreement, the court on June 23, 1967, ordered that judgment be entered for plaintiffs in the sum of $30,000.00.